Opinion Issued September 23, 2004 












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00786-CR




HERSHEL FRANKS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 929,218




MEMORANDUM OPINION

          Hershel Franks, appellant, was charged with the offense of aggravated
robbery.


 After pleading not guilty to the offense and true to both enhancement
paragraphs—one for robbery and the other for aggravated robbery— the trial court
found appellant guilty and assessed his punishment at 45 years’ confinement. In his
sole issue, appellant challenges the factual sufficiency of the evidence to sustain his
conviction. We affirm.
Facts
          On the morning of November 1, 2002, Ismail Badat was working as a cashier
at a convenience store in north Houston when a man came into the store and asked
for two packs of cigarettes. Once Badat put the packs of cigarettes on the counter, the
man pulled out a knife, dropped a glove and a bag he was holding, walked behind the
counter, held the knife to Badat’s neck, and demanded money. Badat opened the
register, and the assailant stole approximately $70. The assailant then asked Badat
to lock the store entrance. When Badat was near the entrance, he ran out of the store;
his assailant followed behind him. 
          Immediately after the robbery, as appellant and Badat were running out of the
store, Willie Greer approached the store and saw Badat chasing appellant. Greer
testified that he saw appellant climb over a nearby fence and run through the woods. 
Greer then drove to an adjacent street to try to locate appellant’s position. 
          Officer Orus Baldwin with the Houston Police Department was called to the
scene. Greer told Baldwin that the robber had run into the woods. Baldwin found
appellant hiding in a drainage pipe. Appellant was subsequently arrested and charged
with aggravated robbery. 
          At trial, Baldwin testified that he recovered a glove and some money from
appellant. Nearby, officers also recovered the knife used in the robbery. After
appellant was arrested, he was taken back to the store where both Badat and Greer
identified appellant as the person who had committed the robbery.
Discussion
          In his sole issue presented, appellant contends the evidence is factually
insufficient to support his conviction because the State failed to identify him as the
person who committed the robbery.
          We review the factual sufficiency of the evidence by reviewing all the evidence
as a whole neutrally, not in the light most favorable to the prosecution. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a factual sufficiency review, we
may not substitute our own judgment for that of the fact finder. Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996). The Court of Criminal Appeals has
recently stated:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex. Crim. App. Apr. 21, 2004)
(footnote omitted). We must consider the most important evidence that the appellant
claims undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). 
          Appellant contends the evidence is insufficient because (1) no one gave a
sufficient description of the robber that could be used in comparison to him; (2) the
money found on him was not identified as the same money that was stolen from the
register; (3) he did not have the money or the knife on him when he was arrested; and
(4) the two gloves found, one on his person and the other at the store, were not
compared. However, Badat clearly identified the appellant as the individual who had
robbed him at knife-point, and Greer identified appellant as the person he saw fleeing
the store after the robbery; the knife used to carry out the robbery was found within
15 to 20 feet from the drainage pipe where appellant was hiding; appellant was found
to be in possession of some money; and he was wearing one glove while another was
recovered from inside the store. 
          The question of whether the money on the appellant was the same money stolen
from the register, the comparison of the gloves, and the credibility of the witnesses
who identified the appellant as the individual carrying out the robbery are all factors
for the fact finder to consider in weighing the evidence. A jury decision is not
manifestly unjust merely because the jury resolved conflicting views of evidence in
favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997). 
Although appellant testified that he was not the robber, what weight to give
contradictory testimonial evidence is within the sole province of the fact-finder, as
it turns on an evaluation of credibility and demeanor. Id. at 408-09. Thus, the fact-finder was free to believe or disbelieve all or any part of the testimony of the State’s
witnesses and appellant. 
          After examining all of the evidence neutrally, we hold that the proof of guilt
was not so obviously weak as to undermine confidence in the jury’s determination;
nor was the contrary evidence so strong that the beyond-a-reasonable-doubt standard
could not have been met. 
          We overrule appellant’s sole point of error. 
Conclusion
          We reform the judgment of the trial court to accurately reflect that appellant
pleaded not guilty to the offense and we affirm the judgment of the trial court as
reformed. 
 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack, and Justices Keyes and Alcala. 
Do not publish. Tex. R. App. P. 47.4.